LIONEL Z. GLANCY (#134180)
  lglancy@glancylaw.com
JONATHAN ROTTER (#234137)
  jrotter@glancylaw.com
GARTH SPENCER (#335424)
  gspencer@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

LAWRENCE P. EAGEL (*pro hac vice*)
  eagel@bespc.com
DAVID J. STONE (#208961)
  stone@bespc.com
MELISSA A. FORTUNATO (#319767)
  fortunato@bespc.com
BRAGAR EAGEL & SQUIRE, P.C.
810 Seventh Avenue, Suite 620
New York, New York 10019
Telephone: (212) 308-5858
Facsimile: (212) 486-0462

*Attorneys for Lead Plaintiffs Robert Wolfson and Frank Pino and Co-Lead Counsel for the Class*

[Additional Counsel on Signature Block]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ROBERT CRAGO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB & CO., INC., and THE CHARLES SCHWAB CORPORATION,<br><br>Defendants. | Case No. 3:16-cv-03938-RS<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF TO SEAL CONFIDENTIAL INFORMATION**<br><br>Hon. Richard G. Seeborg |

Lead Plaintiffs Robert Wolfson ("Wolfson") and Frank Pino ("Pino"), and named plaintiff K. Scott Posson ("Posson") (together, "Plaintiffs"), hereby move pursuant to Local Rules 7-11 and 79-5 for administrative relief in the form of an order sealing information contained in Plaintiffs' Motion for Class Certification and supporting documents that has been designated as confidential pursuant to the Stipulated Protective Order entered in this action (Dkt. No. 130).

In support of this motion to seal, and in accord with Local Rules 7-11 and 79-5, Plaintiffs are filing:

- A declaration identifying the information designated as confidential and the designating party, along with proof of service on the designating parties;
- A proposed order listing each document or portion thereof sought to be sealed;
- A stipulation among the parties consenting to the sealing of information designated as confidential;
- Redacted versions of the documents sought to be partially sealed; and
- Unredacted versions of the documents sought to be sealed in whole or in part.

The information that Plaintiffs seek to seal falls into two categories. First, information produced by and designated as confidential by Defendants or non-party UBS Securities LLC. Pursuant to Local Rule 79-5(e), the designating parties may file declarations within four days of the filing of this motion to seal, establishing that the designated material is sealable.

Second, Plaintiffs seek to seal portions of Plaintiffs' deposition transcripts that contain (i) personally identifiable information such as home addresses and email addresses, or (ii) narrowly limited amounts of sensitive personal information in which the Plaintiffs have strong privacy interests and which are not relevant to this action.

"Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power." *Brightwell v. McMillan Law Firm*, No. 16-cv-1696, 2018 WL 1306380, at *1 (S.D. Cal. Mar. 13, 2018) (quotes and citations omitted) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Historically, courts have recognized a general right to inspect and copy public records and

documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quote and citation omitted). "Nonetheless, access to judicial records is not absolute." *Id.* When deciding an application to seal, "the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quotes and citation omitted).

A party seeking to seal court records may do so by meeting either a "compelling reasons" standard (in the case of documents related to dispositive motions that go to the heart of the public's interest in understanding the judicial process), or a less demanding "good cause" standard (in the case of documents related to non-dispositive motions or tangential to the merits of a case). *See Kamakana*, F.3d at 1179-80. Even under the more demanding of these standards, "[w]hat constitutes a compelling reason is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements or as sources of business information that might harm a litigant's competitive standing." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quotes and citations omitted).

Courts in this Circuit often grant applications to seal confidential portions of deposition transcripts, and briefs discussing confidential deposition testimony. *E.g.*, *Whitewater West Industries, Ltd. v. Pacific Surf Designs, Inc.*, No. 17-cv-1118, 2018 WL 3055938, at *4 (S.D. Cal. June 14, 2018) (ordering sealed portions of brief that quote from confidential deposition transcripts); *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, No. 18-cv-3587, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (finding compelling reasons to seal portions of deposition transcript discussing confidential business practices). Likewise, courts in this Circuit often grant applications to seal information of a similar nature to that sought to be sealed by Plaintiffs here. *E.g.*, *Am. Automobile Ass'n of Northern California v. General Motors LLC*, No. 17-cv-3874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal, *inter alia*, "personally identifiable information").

Therefore, Plaintiffs respectfully request that the Court grant their motion to seal the information identified in the accompanying declaration and proposed order.

Case No. 3:16-cv-03938-RS

2

| | |
|---|---|
| Dated: April 30, 2021 | **GLANCY PRONGAY & MURRAY LLP**<br><br>By: */s/ Garth Spencer*<br>Jonathan Rotter (#234137)<br>  jrotter@glancylaw.com<br>Lionel Glancy (#134180)<br>  lglancy @glancylaw.com<br>Garth Spencer (#335424)<br>  gspencer@glancylaw.com<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160<br><br>**BRAGAR EAGEL & SQUIRE, P.C.**<br>Lawrence P. Eagel<br>  eagel@bespc.com<br>David J. Stone (#208961)<br>  stone@bespc.com<br>Melissa A. Fortunato (#319767)<br>  fortunato@bespc.com<br>810 Seventh Avenue, Suite 620<br>New York, New York 10019<br>Telephone: (212) 308-5858<br>Facsimile: (212) 486-0462<br><br>*Attorneys for Lead Plaintiff Robert Wolfson and Co-Lead Counsel for the Class*<br><br>**LEVI & KORSINSKY, LLP**<br>Eduard Korsinsky (*pro hac vice to be submitted*)<br>  ekorsinsky@zlk.com<br>55 Broadway, 10th Floor<br>New York, NY 10006<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br><br>-and-<br><br>Nicholas I. Porritt (admitted *pro hac vice*)<br>  nporritt@zlk.com<br>Alexander A. Krot III (admitted *pro hac vice*)<br>  akrot@zlk.com<br>1101 30th Street, NW<br>Suite 115<br>Washington, DC 20007<br>Telephone: (202) 524-4290<br>Facsimile: (212) 363-7171<br><br>*Attorneys for Plaintiff K. Scott Posson* |

Plaintiffs' Motion to Seal Confidential Information
Case No. 3:16-cv-03938-RS

3

# PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On April 30, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

In addition, I served true and correct copies of the foregoing document, by email on counsel for non-party UBS Securities LLC, at the following addresses:

    david.goldberg@kattenlaw.com

    patrick.smith@kattenlaw.com

    anna.mikulski@kattenlaw.com

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 30, 2021, at Los Angeles, California.

    *s/ Garth A. Spencer*
    Garth A. Spencer