UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CRAGO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARLES SCHWAB & CO., INC., et al.,<br><br>    Defendants. | Case No. 16-cv-03938-RS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING RENEWED MOTION FOR CLASS CERTIFICATION** |

Pending here are two competing motions. Lead Plaintiff Robert Wolfson and named Plaintiff K. Scott Posson (collectively, "Plaintiffs") filed a renewed motion for class certification, which seeks certification of an issues class under Federal Rule of Civil Procedure 23(c)(4). *See* Dkt. 204. Defendants Charles Schwab & Co., Inc., and The Charles Schwab Corporation (collectively, "Schwab"), move to compel arbitration. *See* Dkt. 203. For the reasons discussed below, Defendants' motion is granted, and Plaintiffs' renewed motion is denied as moot.

The factual background of this action has been adequately discussed in prior orders and need not be restated. *E.g.*, Dkt. 192 ("Class Cert. Order"), at 2–4. Relevant here is the fact that Plaintiffs previously moved for class certification under Federal Rules of Civil Procedure 23(b)(1) and (b)(3). That motion was denied on October 27, 2021, on the grounds that there was "no presumption of reliance in this case, and requiring individualized proof of reliance as to each plaintiff defeat[ed] the commonality requirement of Rule 23(a). Further, the lack of a presumption of reliance . . . preclude[d] establishing predominance as required by Rule 23(b)(3)." *Id.* at 1–2.

The order did not specify whether class certification was denied with prejudice. To address the deficiencies identified in the order, Plaintiffs filed a renewed motion for class certification on September 23, 2022, seeking a narrower issues class under Rule 23(c)(4).

Defendants, meanwhile, argue that Plaintiffs' renewed motion must be denied, and arbitration must now be compelled, under the terms of Schwab's Account Agreement. The parties agree that the Agreement contains the following provision:

> No person shall bring a putative or certified class action to arbitration, nor seek to enforce any predispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (1) *the class certification is denied*; (2) the class is decertified; or (3) the client is excluded from the class by the court.

Dkt. 203, at 3 (emphasis added). Since class certification was denied as of October 27, 2021, Defendants argue, the claims must now be arbitrated. Plaintiffs argue that their claims "remain part of this putative class action" and that the pendency of their renewed motion "rebuts Defendants' premise that this proceeding is no longer a class action." Dkt. 206, at 3.

The operative question, then, is what it means for class certification to be "denied" in the context of the Agreement. Clearly class certification has already been denied once, but whether the Agreement contemplates *renewed* motions for class certification, such as the one Plaintiffs now bring, is far from clear. Defendants contend that the Agreement cannot possibly permit "unlimited opportunities to move for class certification or forestall arbitration with procedural gamesmanship," Dkt. 203, at 10, while Plaintiffs dismiss this as a "doomsday argument" and argue Defendants are "proposing a rule saying that a plaintiff attempting to certify a class only gets one opportunity to do so" in this scenario, yet "[n]o such rule exists or should exist," Dkt. 206, at 6 (quoting *Abraham v. WPX Energy Prod., LLC*, 322 F.R.D. 592, 640 (D.N.M. 2017)).

Two background principles affect the resolution of this question. First, federal courts have wide latitude to allow plaintiffs in a putative class action to renew their class certification motions after an initial denial, a procedure implicitly allowed under the Federal Rules. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before

ORDER ON MOTION TO COMPEL ARBITRATION AND CLASS CERTIFICATION
CASE NO. 16-cv-03938-RS
2

final judgment."). That being said, courts "rarely grant" these motions, in part due to a "reluctance to allow parties to have a second bite at the apple by relitigating issues that have already been decided." 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 7:35 (6th ed. 2022). This policy, in turn, "incentiviz[es] parties to put their best foot forward at the outset and avoid[s] costly delays to the proceedings." *Id.* Courts reviewing such renewed motions therefore "have routinely applied the ordinary standards for reconsideration." *English v. Apple Inc.*, No. 14-cv-01619-WHO, 2016 WL 1108929, at *5 (N.D. Cal. Mar. 22, 2016). This altogether underscores that plaintiffs bring such motions at the court's discretion, rather than as of right.

Second, Supreme Court and Ninth Circuit precedent has repeatedly commanded that, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq.*, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989); *accord Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014). "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Applying these two principles here leads to the conclusion that class certification has in fact been "denied" within the meaning of the Schwab Agreement, and the claims should now be sent to arbitration. While the Agreement is potentially ambiguous on this point, precedent mandates resolving any ambiguity in favor of arbitration. Plaintiffs, who bear the burden here of rebutting the presumption of arbitrability, *see Wynn Resorts, Ltd. v. Atlantic-Pacific Capital, Inc.*, 497 Fed. App'x 740, 742 (9th Cir. 2012), have not pointed to anything in the legislative history of the FAA nor relevant rulemaking history that would suggest a different outcome is appropriate. *Cf.* Dep't of Enf't v. Charles Schwab & Co., Inc., No. 2011029760201, 2014 FINRA Discip. LEXIS 5 (Apr. 24, 2014) (discussing relevant rulemaking history of FINRA disclosure rules regarding mandatory disclosures in predispute arbitration agreements). Further, this conclusion is consonant with the principle that plaintiffs seeking class certification should put their best foot

ORDER ON MOTION TO COMPEL ARBITRATION AND CLASS CERTIFICATION
CASE NO. 16-cv-03938-RS

forward in their first motion. Nothing prevented Plaintiffs here from alternatively seeking class certification under Rule 23(c)(4) in their initial motion; they thus have been offered a "meaningful, but not unbounded, opportunity to seek class certification." Dkt. 207, at 6 n.4.

The cases Plaintiffs cite, besides being noncontrolling, are also readily distinguishable. *Klein v. TD Ameritrade Holding Corp.*, No. 14-cv-00396, 2021 WL 6075865 (D. Neb. Dec. 23, 2021), presented a factually similar situation in which defendants sought to compel arbitration (under an identical arbitration provision) after the Eighth Circuit partially reversed the district court's grant of class certification. *See id.* at *1. There, however, the Eighth Circuit only reserved one of plaintiffs' grounds for class certification, leaving the district court free to consider plaintiffs' other grounds in a renewed motion for class certification. *See id.* at *2. Here, by contrast, class certification was never granted to begin with. Plaintiffs further cite *Abraham v. WPX Energy Production, LLC*, 322 F.R.D. 592 (D.N.M. 2017), for the proposition that putative class plaintiffs should not be limited to one shot at class certification. *See id.* at 640. This may be true generally, but *Abraham* did not make this pronouncement in the context of an agreement to arbitrate — which, for the reasons noted above, militates the opposite way.

Since class certification here has been "denied" within the meaning of the Schwab Agreement, and because this Agreement is both valid and encompasses Plaintiffs' claims, arbitration must now be compelled. Defendants' motion is therefore granted, and Plaintiffs' renewed motion for class certification is denied as moot. This action is stayed pending the outcome of the arbitration.

**IT IS SO ORDERED**.

Dated: February 2, 2023

_____
RICHARD SEEBORG
Chief United States District Judge